## BOROUGH BANK OF BROOKLYN v. THOMPSON.

(Supreme Court, Appellate Division, Second Department.   May 5, 1916.)

1. BANKS AND BANKING ☞76—POWER OF SUPERINTENDENT—CONTRACT TO SELL REALTY—STATUTE.

Under Banking Law (Consol. Laws, c. 2) § 19, as amended by Laws 1910, c. 452, providing that the superintendent of banks may execute and deliver any instruments proper to effectuate any sale of property authorized by the court, the superintendent had power to contract for the sale of realty by a bank, which he had taken over, after the contract was ordered or approved by the Supreme Court, and to bring an action for specific performance against the buyer in the name of the bank.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 158–164; Dec. Dig. ☞76.]

2. BANKS AND BANKING ☞76—CONTRACT OF SUPERINTENDENT—APPROVAL BY COURT—PLEADING—STATUTE.

In an action by the superintendent of banks to compel specific performance of defendant's contract to purchase realty owned by the bank when it was taken over by the superintendent, complaint, alleging that "the said agreement in writing was duly approved by a justice of the Supreme Court, Kings County, and the defendant was notified of said fact," did not plead sufficiently the condition essential under Banking Law, § 19, as amended by Laws 1910, c. 452, the making of an order of approval of the contract by the Supreme Court.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 158–164; Dec. Dig. ☞76.]

Appeal from Special Term, Kings County.

Action by the Borough Bank of Brooklyn against Henry F. Thompson. From an order denying his motion for judgment on the pleadings, defendant appeals. Order reversed, and motion granted, with leave to plaintiff to serve an amended complaint within 20 days.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

James W. Hyde, of New York City, for appellant.

Wilbert Ward, of New York City, for respondent.

CARR, J.   The defendant appeals from an order that denied his motion for judgment on the pleadings.   The action was brought to compel specific performance of a contract to purchase real property owned by the Borough Bank at the time it was taken over by the superintendent of banks.   The contract is annexed to the complaint. It was made in the name of the plaintiff by the superintendent of banks, and it expressly provides that it is made "subject to the approval of the Supreme Court, Kings County, and shall not be binding upon the Borough Bank of Brooklyn or the superintendent of banks in charge of the Borough Bank of Brooklyn, until so approved by the Supreme Court, Kings County," and that in case "the court should refuse to approve this contract of sale, that the said contract should be null and void."

[1, 2]   The plaintiff, through the superintendent of banks, rests its claim of authority to make this contract through said superintendent

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon section 19 of the Banking Law (amended by chapter 452 of the Laws of 1910). That section provides, in part, that the superintendent of banks—

"may, in the name of the delinquent corporation or individual banker, * * * execute, acknowledge and deliver any and all deeds, assignments, releases and other instruments necessary and proper to effectuate any sale of real or personal property * * * authorized by the court."

Earlier in section 19, as aforesaid, there is a general provision that:

"The superintendent shall collect all debts due and claims belonging to it [the delinquent bank], and upon the order of the supreme court may sell or compound all bad or doubtful debts, and on like order may sell all the real and personal property of such corporation or individual banker on such terms as the court shall direct."

The section provides further:

"For the purpose of executing and performing any of the powers and duties hereby conferred upon him, the superintendent may, in the name of the delinquent corporation or individual banker, prosecute and defend any and all suits and other legal proceedings."

We think it is clear that under the provisions of section 19 as aforesaid the superintendent had power to enter into the contract in question, if ordered or approved by the Supreme Court, and to bring this action in the name of the Borough Bank to enforce the contract. The complaint, however, does not plead any order by the Supreme Court approving the contract in question. The only allegation in the complaint on this point is as follows:

"The said agreement in writing was duly approved by a justice of the Supreme Court, Kings County, and the defendant was notified of said fact."

Not only does section 19 of the Banking Law require an order of the Supreme Court authorizing the making of such a contract, but the instrument sought to be enforced likewise provides for such an order. It would seem that the making of such an order by the Supreme Court was an essential condition for the validity of the contract. If so, then the complaint did not plead sufficiently the essential condition, for, as said by Vann, J., in People ex rel. Eckerson v. Trustees, 151 N. Y. 75, 84, 45 N. E. 384, 387:

"The distinction between a court of record and a judge of a court of record is too well recognized in the law to require discussion."

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to the plaintiff to serve an amended complaint within 20 days, on payment of the costs and disbursements as aforesaid. All concur.